[610 NYS2d 781]

In the Matter of SERGE JARVIS (Admitted as SAUL YAWITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 5, 1994

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this

Court on November 9, 1936, under the name Saul Yawitz. He is 88 years of age. Respondent maintained an office for the practice of law within this Department until November 1993, when he informally withdrew from practice.

Respondent initially came to the attention of petitioner, the Departmental Disciplinary Committee for the First Judicial Department, in 1991, with respect to a charge that he had converted $700 of a client's funds. Subsequent contacts with the Committee's staff indicated that respondent's mental faculties might be impaired.

On October 8, 1993 a Justice of the Supreme Court advised the Committee that in a matter pending before the court, the respondent, representing two parties including his wife, had failed to appear for scheduled conferences, and when he did appear, was unable to comprehend the court's instructions and explanations, and was unable to prepare a motion to vacate a default judgment that had been entered against his clients. Respondent's wife submitted an affidavit in that matter acknowledging that her husband was no longer capable of practicing law. Substitute counsel for defendants in that matter conferred with respondent, and concluded that the respondent was "not in full possession of his mental faculties, and was incapable of adequately representing the defendants."

The Committee moves pursuant to 22 NYCRR 603.16 (b) (1) to suspend the respondent from the practice of law on the ground that he is incapacitated from continuing to practice law by reason of mental infirmity. The respondent does not oppose the motion. Accordingly, the motion should be granted, and respondent should be suspended from the practice of law on the ground of mental incapacity until further order of this Court.

CARRO, J. P., WALLACH, RUBIN, NARDELLI and TOM, JJ., concur.

Application granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, for an indefinite period, and until the further order of this Court.